EL PUEBLO, DEMANDANTE Y APELADO, *v.* BURGOS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción al artículo 162 del Código Penal.

No. 1799.—Resuelto en diciembre 22, 1921.

INSCRIPCIÓN ELECTORAL FRAUDULENTA — APRECIACIÓN DE PRUEBA — DISCRECIÓN JUDICIAL.—En este caso la corte inferior no dió crédito a la manifestación del acusado de haber sufrido nueve meses de prisión por delito de hurto y se atuvo a la certificación del jefe del presidio, demostrativa de que sufrió un año de presidio. *Se resolvió:* que no habiendo el acusado impugnado el documento aludido, mediante copia de la sentencia, la apreciación de la prueba hecha en tal forma en uso de su discreción por el juez de distrito no es errónea.

DERECHO ELECTORAL—SENTENCIA QUE PRIVA EL PRIVILEGIO DEL VOTO ELECTORAL—LEY EX POST FACTO.—No siendo el derecho al voto electoral un derecho civil sino un privilegio político, el estatuto que deniega tal derecho por actos ejecutados en tiempo anterior, no es una ley *ex-post-facto.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. F. Rossy.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El apelante fué acusado por delito previsto y castigado en el artículo 162 del Código Penal, por haberse inscrito en el registro de electores del precinto de Guaynabo, Distrito Judicial Municipal de Río Piedras, sabiendo que no tenía derecho a la inscripción por haber extinguido una condena

de un año de presidio que le impuso la Corte de Distrito de
San Juan por un delito de hurto de mayor cuantía, y cele-
brado el juicio fué declarado culpable del expresado delito
y se le impuso la pena de cinco días de cárcel, ordenándose
además que su nombre fuera eliminado de las listas electo-
rales de Guaynabo.

Fúndase el recurso en dos motivos.

Primero: En que si bien de certificación expedida por el
Jefe de la Penitenciaría de San Juan aparece que Nicanor
Burgos Rivera fué condenado a un año de presidio por de-
lito de hurto de mayor cuantía, e ingresó en dicha peniten-
ciaría el dos de septiembre de 1904, cumpliendo allí su con-
dena, el acusado declaró que sufrió nueve meses de prisión
por delito de hurto.

Segundo: En que cuando fué sentenciado el acusado no
se le impuso en la sentencia como pena adicional la priva-
ción del derecho electoral y por tanto, hoy no puede ser pri-
vado de tal derecho, en atención a que una ley *ex-post-facto*
no puede tener efecto retroactivo.

En cuanto al primer motivo, no es de estimarse. La corte
no dió crédito a la manifestación hecha por el acusado de
haber sufrido nueve meses de prisión en vez de un año de
presidio en la penitenciaría de San Juan, y en uso de sus
facultades se atuvo a la certificación del jefe de la peniten-
ciaría, demostrativa de que sufrió realmente un año de pre-
sidio. Dicho documento pudo ser impugnado mediante copia
de la sentencia contra él pronunciada, y esa hubiera sido la
mejor prueba de su defensa.

En cuanto al segundo motivo del recurso, como el dere-
cho al voto no es un derecho civil sino un privilegio político,
el estatuto que deniega tal derecho por actos ejecutados en
tiempo anterior, no es una ley *ex-post-facto* y por tanto el
apelante no puede quejarse de haber sufrido agravio alguno.
12 Corpus Juris, 1106.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.